SUCCRS. OF A. MAYOL & CO., LTD., Plaintiff and Appellant, *v.* JUAN G. GALLARDO, TREASURER OF PORTO RICO, Defendant and Appellee.

No. 4048. Argued May 18, 1927.—Decided July 26, 1927.

*J. J. Ortiz Alibrán* for the appellant. *George C. Butte, Attorney General, Carlos Llauger* and *José A. López Acosta* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an action brought by the mercantile firm of Successors of A. Mayol & Co. for the refund of certain taxes paid under protest as income tax for the fiscal year which for the said firm began on April 26, 1922, and ended on April 25, 1923.

On May 28, 1923, the plaintiffs presented to the Treasury Department their schedule of income for the tax year of 1922–23.

In determining the income tax in accordance with that schedule the Treasurer imposed upon the plaintiffs a tax of $4,463.38, considering a total income of $75,283 on the basis of an invested capital of $337,850.

The plaintiffs objected and appealed to the Board of Review and Equalization. The board increased the income to $76,679.27 and sustained the invested capital at $337,850.

The plaintiffs allege in substance that in conformity with subdivision (*a*) of section 18 of Act No. 43 of July 1, 1921, as amended by Act No. 69 of July 28, 1923, the invested capital of the firm is as follows:

| | | |
|---|---:|---:|
| Estimated capital | | $337, 850. 00 |
| Improvements in the establishment | $25, 740. 00 | |
| Improvements to house No. 34 Allen Street | 1, 574. 04 | |
| Bank stock | 9, 284. 00 | |
| Bills receivable | 1, 568. 10 | |
| Securities | 260. 21 | |
| Accounts collectable | 109, 982. 14 | 148, 408. 49 |
| Total capital invested | | $486, 258. 49 |

They allege that therefore the sum of $486,258.49 is the invested capital that should serve as a basis for the purposes of the liquidation of the tax involved in this case.

It was alleged also that Act No. 43 of 1921 and Act No. 69 of 1923 are invalid, void and of no effect because they are contrary to the Organic Act of Porto Rico and to the Constitution of the United States.

The plaintiffs prayed that the tax paid amounting to $4,633.42 should be refunded to them, or instead, if the said acts should be held valid and effective, that the sum of $1,248.84 paid under protest should be refunded to them.

The defendant demurred to the complaint on the ground of lack of facts to constitute a cause of action and answered at the same time, alleging in substance that the invested capital of the plaintiffs is $337,850 as fixed by the Treasurer and sustained by the Board of Review and Equalization, and not $486,258.49 as alleged by the plaintiffs. The answer also denied the allegations of the complaint that the said acts are unconstitutional.

The lower court sustained the demurrer and held also that the evidence was insufficient to support the allegations of the complaint.

The question in this action turns on the application of section 18 of the Income Tax Act as amended by Act No. 69 of 1923. It reads as follows:

"Section 18.—The term 'capital invested' as used in this section means:

"(a) In the case of corporations or civil or commercial partnerships, the assessed valuation for purposes of taxation of all the personal and real property belonging to such corporation or to such civil or commercial partnership, plus the value of any property situate or invested in Porto Rico, not subject to taxation but belonging to the corporation or to the civil or commercial partnership and devoted to the business or businesses producing the income and which existed at the beginning of the taxable year to which the income belongs, excluding investments which do not produce taxable income."

In the schedule presented by the plaintiffs for the fiscal year 1922–23 the estimated value of the real and personal property of the firm amounted to the sum of $337,850. In the complaint it is admitted that this is the estimated capital of the plaintiffs, but it is contended by the appellants—and this is the gist of their claim—that there should have been included in the invested capital the items shown in the foregoing statement, for in this way the proportion between the net income and the invested capital being increased, the tax on excess profits would be less, i. e., six percent on the net income that exceeds ten percent of the capital invested in the corresponding tax year, and not the seven percent imposed by the Board of Review and Equalization as fixed in subdivision 3 of section 17 as amended by Act No. 69 of 1923.

The evidence shows that the sums which the appellants allege should be added to the estimated capital were considered by the Board of Review and Equalization for determining whether the assets and liabilities should be taken as the basis, or whether the estimated capital should govern. On April 26, 1926, the appellants struck a balance showing assets of $534,512. From these assets was deducted the sum of $210,432.82 (liabilities), leaving a difference in favor of the plaintiffs of $324,079.21. It appears that the Board of Review and Equalization found that this difference was less than the estimated capital amounting to $337,850, and adopted this last sum for imposing the income tax.

The appellants insist, however, that the Board of Review and Equalization took as a basis for its decision a certain rule established in the resolution adopted by the said board and allege that its provisions are erroneous. We agree with the appellee that the rules established by the Board are of no importance in this case. These rules may be erroneous, but in any event the tax was imposed by taking as a basis the capital estimated in accordance with section 18, *supra*.

Section 18 excludes "investments which do not produce taxable income." Hence the plaintiffs have not shown that there are other investments which may produce taxable income. For this reason it is that fundamentally the lack of that allegation in the complaint renders it insufficient to state a cause of action. And as a question of fact it has not been proved that the bank stock, securities, bills and accounts receivable produce taxable income. The appellants complain that these items were not included as capital invested, but for that it was necessary to show that they produced taxable income, for if they did not section 18 excludes them from inclusion in the invested capital. So, assuming that they had not been included in the estimate, the plaintiffs could not exact their inclusion as a part of the invested capital. The reason is stated by the appellee in his intelligent and well reasoned brief as follows:

"The bank stock, bills receivable, securities and accounts for collection are not, in the first place, properties invested in the business, inasmuch as they are not used in the mercantile transactions of the plaintiff-appellants. Bills receivable and accounts for collection are a part of the merchandise sold and not paid for, and until they have been paid for they can not be considered as an income.

"Regulation No. 65, Art. 23 of the Federal Law, cited by Helmes in his work on Income Tax at page 1244, reads as follows:

" 'Modern business with its use of inventories and aggregate costs and collection extending over long periods of time can not measure income on the basis of collections less costs and expenses assignable to the goods or services for which collection is made; the reckoning must be made by taking sales into consideration when made and treating accounts receivable and accounts payable respectively as income and expense.'

"So that these accounts for collection are included in the inventories as credits in favor of the firm and as a part of its capital, which has been considered already in the assessment of inventories when the tax was imposed for personal property. If we should add to the capital this sum, which represents the amount of merchandise sold, we would be summing the same amount twice, for taking into account the sales on credit that may be made by the

plaintiffs, there would have been included in their inventory of April 26, 1926, the merchandise in stock and later there would be included for the second time the amount of the merchandise as accounts for collection. And for this reason section 18 of the Act excludes investments which do not produce taxable income.

"The bank stock is not shown to be capital invested in the business. Only its existence appears to be admitted, but neither from the evidence nor from the allegations can the conclusion be reached that it was invested in the business, or that it produced taxable income; therefore, it can not be included in the assessed capital."

In the last assignment of error the appellants insist that the procedure followed by the Board of Review and Equalization is contrary to section 18 of the Act of 1921 as amended by Act No. 69 of 1923. We may say, however, that whatever may have been the reason of the Board for rendering its decision, its conclusion was correct, inasmuch as for imposing the income tax it took as a basis the assessed property and not the difference existing between the assets and liabilities.

The reasoning of the Board may have been erroneous, but its decision is correct and we must sustain it.

It seems useless to say that as the appellants made no assignment of error with regard to the alleged invalidity of the income tax law, they abandoned that contention and we need not consider it.

For these reasons the judgment appealed from is affirmed.